UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT SONNICK,

                            Plaintiff,

v.                                                          5:20-CV-0396
                                                            (TJM/ML)
CHRISTOPHER BUDLONG, Trooper, Oneida
Troop D Headquarters; TROOPER HORTON,
Oneida Troop D Headquarters; HERITAGE PARK
APARTMENTS; ONONDAGA COUNTY
SHERIFF; and DANIELLE WILLIS,

                            Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

VINCENT SONNICK
  Plaintiff, *Pro Se*
205 North Street, #B
Oneida, New York 13421

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* complaint together with an application to proceed *in forma pauperis* filed by Vincent Sonnick ("Plaintiff") to the Court for review.  (Dkt. Nos. 1 and 2.)  For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety, with leave to amend.

I.      **BACKGROUND**

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that his civil rights were violated by Defendants Trooper Christopher Budlong,[2] Trooper Horton, Heritage Park Apartments, Onondaga County Sheriff,[3] and Danielle Willis[4] (collectively "Defendants").  (*See generally* Dkt. No. 1.)  More specifically, Plaintiff alleges that (1) he was targeted and harassed after visiting his mother,[5] (2) he was stalked by (a) neighbors, (b) the Onondaga County Sheriff, (c) the Liverpool Village police department, and (d) the community watch program,[6] (3) his property was stolen, (4) he was "black listed in community because of disabilit[ies] [and] harassed by workers about service animals," (5) mold in his furnace caused his family to "be more sick," and (6) he was "electronic[ally] harass[ed] daily."  (*Id.*)

Plaintiff appears to assert the following four causes of action: (1) violation of his civil rights pursuant to 42 U.S.C. § 1983; (2) gang stalking; (3) harassment; and (4) trespass "via sting ray technology" and "smart meters."  (*Id.* at 3.)

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]     The Clerk of the Court is directed to amend the docket sheet to identify Christopher Budlong as "Christopher Budlong, Trooper, Oneida Troop D Headquarters," as alleged in Plaintiff's Complaint.  (Dkt. No. 1 at 1.)

[3]     The Clerk of the Court is directed to amend the docket sheet to add "Onondaga County Sheriff" as a defendant in this matter, as alleged in Plaintiff's Complaint.  (Dkt. No. 1 at 1.)

[4]     The Clerk of the Court is directed to amend the docket sheet to add "Danielle Willis" as a defendant in this matter, as alleged in Plaintiff's Complaint.  (Dkt. No. 1 at 2.)

[5]     It is unclear from the Complaint when the events complained of happened. It appears as though they began some time in 2008.  (Dkt. No. 1 at ¶ 5.)

[6]     It is unclear from the Complaint what community watch program Plaintiff alleges he was stalked by.  (Dkt. No. 1 at 2.)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee,

currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[7]  After reviewing Plaintiff's *in*

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.

Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[8]

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter*

*alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief

---

[7]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[8]    Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district

court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff

paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an

indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law,

or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-

MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston*

*v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*,

490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual

contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he

decision that a complaint is based on an indisputably meritless legal theory for purposes of

dismissal under section 1915(d), may be based upon a defense that appears on the face of the

complaint.").

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his

pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes

of action be dismissed.

### A.    Claims Pursuant to 42 U.S.C. § 1983

"To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct

(1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a

right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen*

*v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865,

875-76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive right, but

rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

### 1. Defendants Budlong and Horton

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

The Complaint is devoid of allegations that Defendant Budlong or Horton took any action and instead includes a series of conclusory, vague allegations regarding actions taken by unknown individuals during unknown time periods.[9] (*See generally* Dkt. No. 1.) As a result,

---

[9] The statute of limitations for a § 1983 action accruing in New York is three years. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (a claim for equal protection accrues "when the plaintiff knew or should have known of the disparate treatment."). Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the

Plaintiff's Complaint fails to plausibly allege facts suggesting a claim pursuant to 42 U.S.C. § 1983 against Defendants Budlong and Horton.[10]

### 2. Defendant Onondaga County Sheriff

It is unclear on the face of the Complaint whether Plaintiff is suing the Onondaga County Sheriff, Eugene Conway, for some action that he took, or whether Plaintiff's action is against the

---

applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint); *Syfert v. City of Rome*, 17-CV-0578, 2018 WL 3121611, at *3-5 (N.D.N.Y. Feb. 12, 2018) (Dancks, M.J.) (dismissing all claims barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Syfert v. City of Rome*, 17-CV-0578, 2017 WL 3405521, at *8-10 (N.D.N.Y. Aug. 7, 2017) (Dancks, M.J.) (same); *Syfert v. City of Rome*, 15-CV-1149, 2015 WL 6819168, at *7-8 (N.D.N.Y. 2015) (Baxter, M.J.) (same).

Plaintiff commenced this action on April 3, 2020. (Dkt. No. 1.)  Three years prior to the filing date is April 3, 2017.  Any causes of action in Plaintiff's Complaint that accrued before April 3, 2017, are likely barred by the statute of limitations.

[10]    In the alternative, even if Plaintiff had stated a plausible claim against Defendants Budlong and Horton pursuant to 42 U.S.C. § 1983, I recommend dismissal of those claims to the extent that they are asserted against their official capacities.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "New York State has not consented to suit in federal court."  *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)).  Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. *See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).  "[C]laims against a government employee in his official capacity are treated as a claim against the municipality," and, thus, cannot stand under the Eleventh Amendment. *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008) (McCurn, J.).  Accordingly, in the alternative, the Court recommends that all claims against Defendants Budlong and Horton in their official capacities be dismissed. *Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.), *report and recommendation adopted*, 2016 WL 3983635 (July 25, 2016) (Sharpe, J.).

Onondaga County Sheriff's Department as a municipal entity for actions that members of the Department took.[11]

To the extent that Plaintiff seeks to hold the Onondaga County Sheriff's Department, as a department of a municipal entity, liable, those claims should be dismissed.

"Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence.  Therefore, municipal departments like the Department of Social Services are not amenable to suit and no claims lie directly against the Department." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (citations omitted).

Even if the Court were to *sua sponte* substitute the County of Onondaga as a defendant,[12] the Complaint fails to allege facts meeting the standard for establishing municipality liability as laid out in *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978).

---

[11]    To the extent that Plaintiff's Complaint attempts to allege claims against Eugene Conway, I recommend that those claims be dismissed for the reasons set forth *supra* in Part IV.A.1. of this Order and Report-Recommendation.

[12]    For the sake of judicial efficiency, and in its inherent authority to manage its docket, the court may *sua sponte* substitute the proper municipal entity. *See, e.g., Gonzalvo v. State of N.Y.*, 11-CV-0909, 2013 WL 4008881, at *2 (N.D.N.Y. Aug. 2, 2013) (Mordue, J., *adopting report and recommendation by* Peebles, M.J.) (approving the *sua sponte* substitution of the State of New York as a defendant; *Zuk v. Gonzalez*, 07-CV-0732, 2007 WL 2163186, at *2 (N.D.N.Y. July 26, 2007) (Scullin, J.) ("[T]o the extent that Plaintiff has named the individual Defendants in their official capacities, he has in essence named Onondaga County . . . as a Defendant. Construing Plaintiff's complaint liberally in light of his *pro se* status, and in the interest of judicial economy, the Court will *sua sponte* substitute Onondaga County as the sole Defendant in place of the individually named defendants." (citations omitted)); *Dockery v. Tucker*, 97-CV-3584, 2006 WL 5893295, at *7 (E.D.N.Y. Sept. 6, 2006) (adding the United States as a defendant, *sua sponte*, in a Federal Tort Claims Act claim brought by a pro se plaintiff); *Ciancio v. Gorski*, 98-CV-0714, 1999 WL 222603, at *1 (W.D.N.Y. Apr. 14, 1999) (substituting, *sua sponte* and "in the interest of eliminating undue complication without affecting the substantial rights of the parties," the County of Erie as a defendant where it was unclear that the plaintiff could sue an individual in his official capacity under Title VII but well established that the county was a proper defendant).

In order to set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. at 690-91); *see also Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8 (1985)) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer. Second, the plaintiff must establish a causal connection–an 'affirmative link'–between the policy and the deprivation of his constitutional rights."). Indeed, municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right; it "may not be held liable on a theory of respondeat superior." *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000).

An "official policy or custom" can be shown in several ways: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a 'custom or usage' sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." *Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (Kahn, J.) (internal citations omitted).

Upon review, Plaintiff fails to identify or allege any facts plausibly suggesting the existence of an official policy or custom of Onondaga County that resulted in the deprivation of his constitutional rights. Construing all reasonable inferences in Plaintiff's favor, the Complaint

alleges that he was stalked for one year "by neighbors [and] Onondaga Co. Sher[]iff" (Dkt. No. 1 at ¶ 4) and that the Onondaga County Sheriff's Department used "sting ray technology [and] smart meters," which Plaintiff alleges amounted to "electronic harassment" and "toxic trespass." (Dkt. No. 1 at 3.)

Here, Plaintiff's conclusory allegations fall far short of alleging municipal liability, "without supporting factual allegations of, among other things, a policy or custom pursuant to which the alleged action was undertaken, [Plaintiff] fails to state a claim against those municipalities that is plausible on its face." *Gray-Davis v. New York*, 14-CV-1490, 2015 WL 2120518, at *6 (N.D.N.Y. May 5, 2015) (Suddaby, J.); *see Hawthorne v. City of Albany*, 17-CV-0716, 2017 WL 6520774, at *5 (Suddaby, C.J.) (N.D.N.Y. Nov. 14, 2017) (same); *see Hall v. Smith*, 170 F. App'x 105, 108 (11th Cir. 2006) (affirming dismissal of § 1983 claim against a municipality where the plaintiff alleged no factual support for his conclusory statement that the municipality had a policy or custom of grossly inadequate supervision and training of its employees).

Even if Plaintiff's claims could be construed as plausibly alleging a custom or policy, Plaintiff's claims are so vague and incomprehensible that he falls far short of plausibly alleging an injury to a constitutionally-protected right. *Hillary v. St. Lawrence Cnty.*, 17-CV-0659, 2019 WL 977876, at *7 (N.D.N.Y. Feb. 28, 2019) (Sharpe, J.) ("Generally, in addition to demonstrating an injury to a constitutionally-protected right, a plaintiff bringing a § 1983 action against a municipality is required to identify a custom or policy of the municipal defendant and establish a causal connection between the alleged injury and that custom or policy."); *see also Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (claim against municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege

that any constitutional violation resulted from a custom, policy or practice of the municipality");
*Santagata v. City of New York*, 17-CV-3053, 2017 WL 2963453, at *2 (E.D.N.Y. July 11, 2017)
(dismissing *Monell* claim pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim);
*Irvine v. City of Syracuse*, 14-CV-1565, 2015 WL 2401722, at *6-7 (N.D.N.Y. May 19, 2015)
(McAvoy, J.) (same).

### 3.  Defendants Heritage Park Apartments and Danielle Willis

State action is an essential element of any section 1983 claim.  *Gentile v. Republic Tobacco Co.*, 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)).  To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants.  *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *Wilson v. King*, 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.) ("Parties may not be held liable under [section 1983] unless it can be established that they have acted under the color of state law.").

Here, in addition to failing to plausibly allege facts suggesting any action taken by Defendant Heritage Park Apartments or Defendant Willis, the Complaint also fails to allege any facts plausibly suggesting that either took action as a state actor.  (*See generally* Dkt. No. 1.)

For each of these reasons, Plaintiff fails to allege facts plausibly suggesting a claim pursuant to 42 U.S.C. § 1983.

B.     **New York State Common Law Claims**

In addition to alleging that Defendants violated his civil rights pursuant to 42 U.S.C. §

1983, Plaintiff also asserted pendent state law claims of stalking, harassment, and trespass.  In

the event that Plaintiff's federal civil rights claim is dismissed, I recommend that the Court

decline to exercise supplemental jurisdiction over his state law claims.  *Kolari v. N.Y.-*

*Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise

supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.").[13]

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires.").  An opportunity to amend is not required, however, where "the problem

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated

---

[13]     The Court also notes that the Complaint is devoid of factual allegations which could
reasonably support Plaintiff's state law claims.  In addition, New York does not recognize
private causes of action for stalking, harassment, or trespass.  *See Di Pompo v. Ruggiero*, 17-CV-
8077, 2018 WL 5045339, at *4 (S.D.N.Y. Oct. 17, 2018) ("Plaintiffs were put on notice that
New York does not recognize a claim of 'criminal stalking.'"); *Williams v. Norris*, 18-CV-0349,
2018 WL 5848851, at *5 (N.D.N.Y. Oct. 1, 2018) (Hummel, M.J.) (holding that a plaintiff
cannot attempt to bring criminal trespass charges against defendants through means of a civil
action); *Harris v. Summers*, 14-CV-0013, 2014 WL 1340032, *5 (N.D.N.Y. Apr. 3, 2014)
(Kahn, J.) (citing *Rivers v. Towers, Perrin, Forster & Crosby, Inc.*, 07-CV-5441, 2009 WL
817852, at *11 (E.D.N.Y. Mar. 27, 2009) ("Plaintiff's claim for harassment is dismissed because
New York does not recognize a common law cause of action for harassment.")).

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[14]

In this case, I am unable to conclude with complete certainty that if permitted leave to amend his complaint, Plaintiff could not assert a plausible claim pursuant to 42 U.S.C. § 1983. Accordingly, I recommend that leave to amend be granted.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Adams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth the facts that give rise to his claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally,

---

[14]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

Plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.").

      **ACCORDINGLY**, it is

      **ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

      **ORDERED** that the Clerk of the Court amend the docket such that Defendant "Christopher Budlong" is changed to Defendant "Christopher Budlong, Trooper, Oneida Troop D Headquarters"; and it is further

      **ORDERED** that the Clerk of the Court amend the docket to add "Onondaga County" as a defendant in this matter; and it is further

      **ORDERED** that the Clerk of the Court amend the docket to add "Danielle Willis" as a defendant in this matter; and it is further respectfully

      **RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

      **NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[15]  Such objections shall be filed with the

---

[15]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a

Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN</u>**

**<u>DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this

order, report, and recommendation on the docket of this case and serve a copy upon the parties in

accordance with the local rules.[16]

Dated: June  4 , 2020
Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day
that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

[16]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein
in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).